IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Plaintiff(s)** : | |
| TAMMIE ROSADO : | |
| 125 Washington Street : | |
| Mount Holly, New Jersey 08060 : | |
| : | |
| vs. : | Civil Action No. |
| : | |
| **Defendant(s)** : | |
| : | |
| MARIUSZ WOJNARSKI : | |
| 3347 Edgemont Street : | |
| Philadelphia, Pennsylvania 19134 : | |
| and : | |
| EAN HOLDINGS, LLC : | |
| 14002 East 21st Street : | |
| Tulsa, OK 74134 : | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Section 1442(a)(1), the United States of America, on behalf of defendant, Mariusz Wojnarski, removes this action to the United States District Court for the Eastern District of Pennsylvania. In support, the United States avers as follows:

1.  On or about October 20, 2017, plaintiff Tammie Rosada, filed a complaint in the Court of Common Pleas, Philadelphia County. A true and correct copy of the Complaint is attached hereto as Exhibit "A."

2.  Plaintiff alleges that the negligence of Defendant, Mariusz Wojnarski, was the direct cause of injuries sustained by plaintiff on October 26, 2015 when she was involved in a motor vehicle accident.

3.  Defendant Mariusz Wojnarski is an employee of the United States.

4. The sole remedy for personal injury sustained as a result of an act or omission of an employee of the United States acting within the scope of his or her employment is a suit against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(b)(1). The United States district courts have exclusive jurisdiction over proper and timely claims under the FTCA. 28 U.S.C. § 1346(b).

5. Accordingly, this is a suit against the United States, and removal of this action is proper pursuant to 1442(a)(1).

6. Under 28 U.S.C. § 1442(a)(1), any civil action commenced in State court against an agency of the United States may be removed to the United States District Court for the district in which the action is pending.

7. In accordance with 28 U.S.C. § 1446(d), a true and correct certified copy of this Notice of Removal is being: (a) filed in the Office of Judicial Records, First Judicial District of Pennsylvania of the Court of Common Pleas for Philadelphia County; and (b) sent to counsel for plaintiff.

8. No bond is required to accompany this Notice because it is being filed on behalf of the United States.

9. In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is signed under Rule 11 of the Federal Rules of Civil Procedure.

10. Removal by the United States is timely pursuant to the 30-day deadline set forth in 28 U.S.C. § 1446(b).[1]

WHEREFORE, the United States of America, on behalf of Mariusz Wojnarski, gives notice that the State court action, *Tammie Rosado v. Mariusz Wojnarski*, Court of Common Pleas, Philadelphia County, Pennsylvania, Docket Number 171002624, is removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

LOUIS D. LAPPEN
United States Attorney

*Susan R. Becker for MLH*
MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division

Dated: November 21, 2017

*Susan R. Becker*
SUSAN R. BECKER
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476
Phone: (215) 861-8310
Fax: (215) 861-8618
susan.becker@usdoj.gov

---

[1] Federal Rule of Civil Procedure 4 provides that to serve a U.S. agency, a party must serve the United States – the United States Attorney for the district where the action is brought, the civil-process clerk at the U.S. Attorney's office, and the Attorney General of the United States at Washington, D.C. – in addition to sending a copy of the summons and complaint to the agency itself. To the undersigned's knowledge, the United States has not been served and there is no docket entry in the Philadelphia County Court of Common Pleas with respect to proof of service.

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of November, 2017, I served a true and correct copy of the foregoing Notice of Removal, with exhibits, by Certified Mail on the following person addressed as follows:

>Alfred J. Falcione, Esquire
>Flynn & Associates, P.C.
>2091 Springdale Road, Suite 2
>Cherry Hill, NJ 08003
>Attorney for Plaintiff
>
>Ean Holdings, LLC
>14002 E. 21st Street
>Tulsa, OK 74134

>_Susan R. Becker_
>SUSAN R. BECKER
>Assistant United States Attorney

# EXHIBIT A

ED ESTANORBEASSOCIATES REOPEN Arbitration Hearing 1880 JFK Blvd. 5th fl. at 09:15 AM - 07/27/2018
ou must comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present
at the hearing the matter may be heard at the same time and date before a judge of the court without the absent party or
parties. Cherry Hill, NJ 08003                 ASSESSMENT OF DAMAGE HEARING IS REQUIRED
There is no right to a trial de novo on appeal from a decision entered by a Judge.

Attorneys for Plaintiff(s)

Filed and Attested by the
Office of Judicial Records
20 OCT 2017 12:07 pm

| Plaintiff(s) | : | COURT OF COMMON PLEAS |
| | | COUNTY OF PHILADELPHIA |
| TAMMIE ROSADO | : | |
| 125 Washington Street | | |
| Mount Holly, New Jersey 08060 | : | CIVIL ACTION |
| vs. | : | TERM |
| Defendant(s) | : | NO. |
| MARIUSZ WOJNARSKI | : | |
| 3347 Edgemont Steet | | |
| Philadelphia, Pennsylvania 19134 | : | |
| and | | |
| EAN HOLDINGS, LLC | : | |
| 14002 East 21st Street | | |
| Tulsa, OK 74134 | : | |

## COMPLAINT - CIVIL ACTION
### 2V-Motor Vehicle Accident

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association
Lawyer Referral & Information One Reading Center
N.W. Corner 11th & Market Sts.
Philadelphia, Pennsylvania 19107
Telephone: (215) 238 1701

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Asociacion De Licenciados De Filadelfia
Servicio De Referencia E. Informacion
One Reading Center
Noreste Esquina 11th Y La Calle Market
Filadelfia, Pennsylvania 19107
Telefona: (215) 238-1701

Case ID: 171002624

FLYNN & ASSOCIATES, P.C.
BY: ALFRED J. FALCIONE, ESQUIRE
I.D. #71386
2091 Springdale Road / Suite 2
Cherry Hill, NJ 08003
(856) 669-6100
Attorneys for Plaintiff(s)

THIS IS AN ARBITRATION MATTER
ASSESSMENT OF DAMAGE HEARING IS REQUIRED

Plaintiff(s)

TAMMIE ROSADO
125 Washington Street
Mount Holly, New Jersey 08060

vs.

Defendant(s)

MARIUSZ WOJNARSKI
3347 Edgemont Steet
Philadelphia, Pennsylvania 19134
and
EAN HOLDINGS, LLC
14002 East 21st Street
Tulsa, OK 74134

: COURT OF COMMON PLEAS
: COUNTY OF PHILADELPHIA
:
: CIVIL ACTION
:
: TERM
:
: NO.

**COMPLAINT - CIVIL ACTION**
2V- Motor Vehicle Accident

COMPLAINT

Now comes the plaintiff, Tammie Rosado, by her attorney, Alfred J. Falcione, Esquire and files within Complaint.

1. Plaintiff, Tammie Rosado, is an adult citizen of the State of New Jersey, residing at 125 Washington Street, Mount Holly, New Jersey 08060.

2. At all times material hereto, plaintiff, Tammie Rosado, was the operator of a 2005, Chevrolet, Cobalt, VIN #1G1AL54F457577323, NJ plate #VE237T, which vehicle was involved in the collision hereinafter described.

1

Case ID: 171002624

3. Defendant, Mariusz Wojnarski, is a citizen of the Commonwealth of Pennsylvania residing at 3347 Edgemont Street, Philadelphia, Pennsylvania 19134.

4. At all times material hereto, defendant, Mariusz Wojnarski, was the operator of the 2015, Chevrolet, 200, VIN #1C3CCCB0FN681490, NJ plate #X90FED, which vehicle was involved in the collision hereinafter described.

5. Defendant, EAN Holdings, LLC, is a corporation and/or business for profit with its registered office and principal place of business at the above captioned address and, at all times material hereto, did own, maintain, control and possess a 2015, Chevrolet, 200, VIN #1C3CCCB0FN681490, NJ plate #X90FED, which vehicle was involved in the motor vehicle accident hereinafter described. Defendant, EAN Holdings, LLC, conducts business in Philadelphia County on a regular basis.

6. Defendant, Mariusz Wojnarski, is an individual who, at all times material hereto, was the agent, servant, workperson and/or employee of Defendant, EAN Holdings, LLC, and therefore the permissive operator of one of the aforementioned vehicles owned by Defendant, EAN Holdings, LLC, involved in the accident hereinafter described who at all times material hereto was acting <u>within the course and scope of his employment</u> and/or agent with Defendant, EAN Holdings, LLC, in the furtherance of defendant, EAN Holdings, LLC's business and in the EAN Holdings, LLC's interest.

7. At the time of this collision, defendant, Mariusz Wojnarski, was operating EAN Holdings, LLC's vehicle with the permission of the defendant, EAN Holdings, LLC.

8. On or about October 26, 2015, in the City of Philadelphia and County of Philadelphia, Commonwealth of Pennsylvania, Plaintiff, Tammie Rosado was traveling eastbound on 7th Street at the intersection with Race Street when defendant, Mariusz Wojnarski, who was traveling eastbound on 7th Street struck Plaintiff's vehicle in the rear, causing a violent collision to occur.

9. As a sole and direct result of defendants' negligence, plaintiff sustained serious, painful and permanent injuries the exact nature and extent of which will be more particularly described herein after.

### COUNT ONE
### Tammie Rosado vs. Mariusz Wojnarski and EAN Holdings, LLC

10. Plaintiff incorporates by reference the averments set forth in number one through nine.

11. At the aforesaid time and place, due to the negligence of the defendants, an accident occurred, causing plaintiff, Tammie Rosado, to sustain severe, painful and permanent injuries the exact nature and extent of which will be more particularly described hereinafter.

12. At the aforesaid time and place, defendants did operate, control, police, supervise and maintain their motor vehicle in such a negligent and careless manner, so as to cause a collision with another vehicle, causing the injuries and damages hereinafter set forth.

13. The accident was caused solely by the negligence and carelessness of the defendants, individually, jointly and/or severally, and consisted of, but was not necessarily limited to the following:

Case ID: 171002624

(a) Operating his vehicle at an excessive rate of speed under the circumstances;

(b) Failing to yield the right of way;

(c) Failing to stop;

(d) Violating the assured clear distance ahead rule;

(e) Failing to have proper and adequate control over said vehicle;

(f) Failing to sound a horn or give other warning of the approach of the vehicle;

(g) Being inattentive and failing to maintain a sharp lookout of the road and the surrounding traffic conditions;

(h) Failing to maintain his lane of travel;

(i) Failing to operate the brakes in such a manner so that the vehicle could be stopped in time to avoid the collision;

(j) Failing to observe due care and caution under the circumstances; and

(k) In violating the statutes and municipal ordinances pertaining to the operation of motor vehicles on public thoroughfares under the circumstances; and

(l) Failing to avoid an accident.

14. Solely as a result of the aforesaid occurrences, Plaintiff, Tammie Rosado, has been rendered sick, sore, lame and prostrate and has sustained multiple bruises and contusions in and about the head, body, back and limbs, injury to the back and neck, resulting in a injury to the muscles, nerves, disks, bones and ligaments connected thereto; and a shock to the nerves and nervous system. Plaintiff has endured and will continue to endure great pain and suffering and/or

aggravation of pre-existing conditions.

15. Plaintiff alleges that all of the aforesaid injuries are serious and/or permanent in nature and resulted in a serious impairment of a body function as defined in 75 Pa. C.S.A. Sec. 1702. Plaintiff also makes claims herein for injuries, damages or consequences of which she has no present knowledge.

16. As a further result of this accident, Plaintiff, Tammie Rosado, has been or will be obliged to receive and undergo medical attention and care, and to expend various sums of money and/or to incur expenses for the injuries she has suffered; and she may be obliged to continue to expend such sums for an indefinite period of time in the future.

17. As a further result of this accident, Plaintiff, Tammie Rosado, has suffered a severe loss of her earnings, and impairment of her earning capacity or power for which a claim is hereby made.

18. As a direct and reasonable result of the aforementioned accident, plaintiff has in the past or will in the future incur other financial expenses and/or losses which do or may exceed amounts which plaintiff may otherwise be entitled to recover under contract, or in accordance with the Law.

19. As a result of the aforementioned accident, and by reason of the injuries, as aforesaid, Plaintiff has in the past and will in the future continue to suffer great pain and agony, mental anguish and humiliation, and has been and will in the future be hindered from attending to her daily duties, functions, avocations and occupations all to Plaintiff's great damage and loss.

20. Plaintiff, Tammie Rosado, alleges that she has full tort

Case ID: 171002624

under Pa. MVFRA 75 Pa. C.S.A. 4702 et. seq., either by way of election and/or by applicable law.

WHEREFORE, Plaintiff, Tammie Rosado, demands judgment against the Defendants, Mariusz Wojnarski and EAN Holdings, LLC, individually, jointly and/or severally, in an amount not in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT TWO

### Tammie Rosado vs. EAN Holdings, LLC

21. Plaintiff incorporates by reference the averments set forth in number one through twenty.

22. The accident was caused solely by the negligence, and carelessness of the defendant, EAN Holdings, LLC, individually, jointly and/or severally, and consisted of but was not necessarily limited to the following:

(a) Allowing defendant, Mariusz Wojnarski, to operate its vehicle, knowing that said Defendant did not possess the necessary skills to do so;

(b) Allowing defendant, Mariusz Wojnarski, to operate its vehicle, knowing that said Defendant possessed dangerous propensities;

(c) Allowing defendant, Mariusz Wojnarski, to operate its vehicle, without knowing said Defendant's skills or ability to drive;

(d) Allowing defendant, Mariusz Wojnarski, to operate its vehicle, knowing that said Defendant was not privileged to do so under Pennsylvania law.

23. Solely as a result of the aforesaid occurrences, Plaintiff, Tammie Rosado, has been rendered sick, sore, lame and prostrate and has sustained multiple bruises and contusions in and about the head,

Case ID: 171002624

body, back and limbs, injury to the back and neck, resulting in a injury to the muscles, nerves, disks, bones and ligaments connected thereto; and a shock to the nerves and nervous system. Plaintiff has endured and will continue to endure great pain and suffering and/or aggravation of pre-existing conditions.

24. Plaintiff alleges that all of the aforesaid injuries are serious and/or permanent in nature and resulted in a serious impairment of a body function as defined in 75 Pa. C.S.A. Sec. 1702. Plaintiff also makes claims herein for injuries, damages or consequences of which she has no present knowledge.

25. As a further result of this accident, Plaintiff, Tammie Rosado, has been or will be obliged to receive and undergo medical attention and care, and to expend various sums of money and/or to incur expenses for the injuries she has suffered; and she may be obliged to continue to expend such sums for an indefinite period of time in the future.

26. As a further result of this accident, Plaintiff, Tammie Rosado, has suffered a severe loss of her earnings, and impairment of her earning capacity or power for which a claim is hereby made.

27. As a direct and reasonable result of the aforementioned accident, plaintiff has in the past or will in the future incur other financial expenses and/or losses which do or may exceed amounts which plaintiff may otherwise be entitled to recover under contract, or in accordance with the Law.

28. As a result of the aforementioned accident, and by reason of the injuries, as aforesaid, Plaintiff has in the past and will in the future continue to suffer great pain and agony, mental anguish and

7

humiliation, and has been and will in the future be hindered from attending to her daily duties, functions, avocations and occupations all to Plaintiff's great damage and loss.

29. Plaintiff, Tammie Rosado, alleges that she has full tort under Pa. MVFRA 75 Pa. C.S.A. 4702 et. seq., either by way of election and/or by applicable law.

WHEREFORE, Plaintiff, Tammie Rosado, demands judgment against the Defendant, EAN Holdings, LLC, individually, jointly and/or severally, in an amount not in excess of Fifty Thousand Dollars ($50,000.00).

FLYNN & ASSOCIATES, P.C.

BY: _____
ALFRED J. FALCIONE, ESQUIRE
Attorney for the Plaintiff

DATED: October 20, 2017

## VERIFICATION

I, Alfred J. Falcione, Esquire, hereby verify that I am the attorney representing the within named plaintiff and am authorized to sign this Verification on Plaintiff's behalf pursuant to 18 Pa. C.S.A. 4904 and that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief based upon the information provided to him. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Sec. 4904 relating to unsworn falsifications to authorities.

FLYNN & ASSOCIATES, P.C.

BY: _____
ALFRED J. FALCIONE, ESQUIRE
Attorney for the Plaintiff

DATED: October 20, 2017